■ In the Matter of TOWN OF CLARKSTOWN, Respondent, v ROCKLAND COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC., Appellant. [749 NYS2d 169] —In a proceeding pursuant to CPLR article 75 to stay an arbitration, the appeal is from a judgment of the Supreme Court, Rockland County (O'Rourke, J.), dated January 4, 2002, which granted the petition and stayed the arbitration.

Ordered that the judgment is affirmed, with costs.

On December 15, 1998, Gregory Miele, a police officer in the police department of the Town of Clarkstown (hereinafter the Town) injured his back in the line of duty, resulting in his inability to work until he returned to full duty on January 9, 1999. Miele was granted benefits under General Municipal Law § 207-c for the 15 workdays that he missed during that time. Allegedly, Miele continued to receive medical treatment for back pain caused by the 1998 accident following his return, paid for by the Town's workers' compensation insurance carrier.

In August 2000 Miele again ceased working and did not return to work until April 2001. The Town's Chief of Police denied Miele's request for benefits under General Municipal Law § 207-c for this absence.

By letter dated June 12, 2001, Miele sought a hearing under the provision of the parties' Collective Bargaining Agreement (hereinafter the CBA) relating to hearing officers for General Municipal Law § 207-c matters. After his request for the hearing was denied, the appellant, Rockland County Patrolmen's Benevolent Association, Inc. (hereinafter the RCPBA), served a demand for arbitration.

In response, the Town commenced this proceeding to stay the arbitration. The Supreme Court granted the petition, and stayed the arbitration on the ground, inter alia, that the RCPBA "failed to demonstrate contractual entitlement to arbitration regarding the denial" of benefits pursuant to General Municipal Law § 207-c.

We agree with the Supreme Court that the RCPBA did not assert a claim involving the issue of the termination or discontinuance of benefits under General Municipal Law § 207-c. Thus, there was no right to the appointment of a hearing officer under the provision of the CBA relied upon by Miele, and concomitantly no right to demand arbitration on the issue of whether or not the Town properly refused its demand for arbitration on that issue.

The RCPBA's remaining contentions are without merit. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.